**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SHERONE LONG,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PLAINFIELD POLICE DEPARTMENT**<br><br>**Defendant.** | **Civ. Action No. 25-1597 (JKS) (JSA)**<br><br>**REPORT AND RECOMMENDATION** |

**ALLEN, U.S.M.J.**

This matter comes before the Court upon the motion of Defendant Plainfield Police Department to dismiss the Complaint with prejudice, pursuant to Federal Rules of Civil Procedure 37(b) for failure to provide discovery. (ECF No. 37). The Honorable Jamel K. Semper, U.S.D.J. referred the motion to the Undersigned for a Report and Recommendation. The motion is unopposed and is decided without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, and for good cause shown, it is respectfully recommended that Defendant's motion to dismiss be **DENIED WITHOUT PREJUDICE**.

Plaintiff, Sherone Long, filed his *pro se* complaint in this case on March 3, 2025, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. (*See generally* ECF No. 1). Plaintiff contends that he suffered defamation of character and public humiliation after Defendant arrested him and failed to inform him of his charges of aggravated assault, which were later dropped in the superior and municipal courts. (*Id.*).

On June 27, 2025, the Court entered a Pretrial Scheduling Order, setting a fact discovery deadline of December 31, 2025. (ECF No. 11). On November 19, 2025, the Court entered an Amended Scheduling Order extending the fact discovery deadline to April 30, 2026. (ECF No. 21).

On February 5, 2026, Defendant filed a letter stating that Plaintiff had failed to provide Rule 26 initial disclosures and had failed to respond to Defendant's previously served interrogatories and document demands. (ECF No. 25). Defendant requested leave to file a motion to compel discovery. (*Id.*) On February 6, 2026, the Court denied the Defendant's request to file the motion but directed Plaintiff to comply with his outstanding discovery obligations by providing responsive answers and documents on or before February 25, 2026. (ECF No. 26). On February 26, 2026, Defendant submitted a letter, advising that Plaintiff still had not provided his initial disclosures or responses to Defendant's written discovery requests. (ECF No. 28). Accordingly, Defendant renewed its request to file a motion to compel, (*id.*), which the Court granted on February 27, 2026. (ECF No. 29).

Approximately one week later, Plaintiff filed a letter on March 4, 2026, explaining he failed to timely respond to Defendant's discovery requests because he was unable to retrieve the relevant information which was located on his broken phone. (ECF No. 30). Plaintiff also explained that he had changed his address and so was unable to access his mail. (*Id.*)

Two days later, on March 6, 2026, Defendant filed a motion to compel, (ECF No. 31), which the Court granted on April 8, 2026 (ECF No. 32). The Court's April 8th Order informed Plaintiff that he had until May 8, 2026, to comply with his outstanding discovery obligations. (*Id.*) As detailed in Defendant's status letter of May 11, 2026, Defendant reminded Plaintiff of this deadline on May 7, 2026, but Plaintiff did not serve the discovery materials. (ECF No. 33). As a

result, Defendant requested leave to file amotion to dismiss for failure to provide discovery. (*Id.*) The Court issued an Order granting the request on May 13, 2026. (ECF No. 34).

On May 18, 2026, Plaintiff filed his answers to Defendant's Rule 33 Interrogatories on the Court's docket, attributing his tardiness to his phone being stolen, which contained information to answer Defendant's interrogatories. (ECF No. 36). Defendant thereafter filed the instant motion to dismiss on May 27, 2026, (ECF No. 37), reporting that it had not been served with Plaintiff's answers to the interrogatories, his Rule 26 Disclosures, or responses to document demands. (ECF No. 37). This Court's review of the official docket confirms that while Plaintiff has not opposed the motion to dismiss, he has attempted to comply with his discovery obligations. (*See* ECF No. 36). Notably, Defendant does not dispute that Plaintiff filed his interrogatory answers on the Court's docket. (*See* ECF No. 37-1 at 8).

The Federal Rules of Civil Procedure authorize courts to impose sanctions, including dismissal of the Complaint, for failure to comply with court orders and engage in discovery. *See* Fed. R. Civ. P. 37 (b)(2)(A)(v), 37(d)(3). The Court employs its sound discretion in determining whether sanctions should be imposed. *See Bowers v. Nat'l Coll. Athletic Assoc.*, 475 F.3d 524, 538 (3d Cir. 2007) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976)).

In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit identified six factors for courts to balance when deciding whether to impose the sanction of involuntary dismissal of a complaint. The *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) the history of noncompliance; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal;

and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. No single *Poulis* factor is determinative. *Id.*

While Defendant cites the applicable standard under *Poulis*, the Court notes that the Third Circuit Court of Appeals has expressed a strong preference that cases be resolved on their merits whenever possible. *See, e.g.*, *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984). Furthermore, the Court has broad discretion in matters of docket control and case management. *See, e.g.*, *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).

Here, the Court finds that Plaintiff attempted to comply with his discovery obligations and the Court's prior Orders, although his efforts fell short. As Defendant acknowledges, Plaintiff filed his interrogatory answers on the Court's docket.[1] While it appears Plaintiff has not yet responded to Defendant's document requests or served his Rule 26 Disclosures, the Court finds that Plaintiff has made a good faith attempt to respond to Defendant's interrogatories, which demonstrates that Plaintiff has not fully abandoned his claims. Mindful of the Third Circuit's directive that cases be decided on the merits whenever possible, courts in this Circuit considering *Poulis*-governed motions to dismiss have frequently been willing to provide non-compliant parties with one final opportunity to comply with discovery obligations prior to dismissal of a complaint. *See, e.g.*, *Ballister v. NJ Dep't of Corr.*, 2025 WL 1057580, at *3 (D.N.J. Mar. 14, 2025); *Austin v. McDonald*, 2023 WL 11983716, at *1 (M.D. Pa. Feb. 7, 2023) (rejecting R&R when absent plaintiff appeared and filed objection; providing plaintiff one final opportunity to comply); *Brown v. Cohen*, 2022 WL 4099729, at *1 (D.N.J. Sept. 9, 2021) (denying *Poulis* motion without prejudice to final chance to comply); *Dambrowski v. Financial Recovery Servs., Inc.*, 2006 WL 8457153, at *1 (D.N.J. Feb. 2, 2006) (denying *Poulis* motion to dismiss to allow plaintiff one final

[1] Plaintiff's interrogatory answers should have been served on opposing counsel and not filed on the Court's docket pursuant to L. Civ. R. 26.1(c)(1).

opportunity to respond to interrogatories). Here, given that Plaintiff has attempted to provide some (albeit not all), of the outstanding discovery, the Court does not find that the extreme sanction of dismissal of the Complaint is warranted at this time. Further, Defendant has not articulated any cognizable prejudice that would result from providing Plaintiff one final opportunity to provide discovery and prosecute his case

Based on the foregoing, the Undersigned, therefore, respectfully recommends that Defendant's motion to dismiss be **DENIED WITHOUT PREJUIDCE**, and that Plaintiff be afforded **one final opportunity** to serve his Rule 26 initial disclosures and respond to Defendant's document requests. The Court further recommends that Plaintiff's initial disclosures and responses to Defendant's discovery demands be due within thirty (30) days of the District Judge's decision on this Report and Recommendation.

The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they may file any objections to this Report and Recommendation within fourteen (14) days after service of a copy thereof.

Further, it is **ORDERED** that the Clerk of Court shall **TERMINATE** the motion pending at ECF No. 37 and activate this Report and Recommendation for the District Court's review.

The Clerk of the Court is directed to serve a copy of this Report and Recommendation on Plaintiff by regular U.S. mail.

**s/ *Jessica S. Allen***
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

Dated: July 31, 2026

cc: Honorable Jamel K. Semper, U.S.D.J.