**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHERONE LONG,<br>*Plaintiff,*<br>v.<br>PLAINFIELD POLICE DEPARTMENT,<br>*Defendant.* | Civil Action No. 25-1597<br>**OPINION AND ORDER**<br>August 20, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Defendant Plainfield Police Department's ("Defendant") Motion to Dismiss (ECF 37, "Motion"), and Magistrate Judge Jessica S. Allen's Report and Recommendation, which denies Defendant's Motion. (ECF 38, "R&R.") For the reasons set forth below, the Court **ADOPTS** Judge Allen's R&R and **DENIES** Defendant's Motion without prejudice.

**WHEREAS** on June 27, 2025, the Court entered a Pretrial Scheduling Order setting a fact discovery deadline of December 31, 2025. (ECF 11.) On November 19, 2025, the deadline was extended to April 30, 2026. (ECF 21.) From the time the fact discovery deadline was extended through February 5, 2026, Plaintiff failed to provide his Rule 26 initial disclosures or otherwise comply with Defendant's discovery demands. (R&R at 2.) The Court rejected Defendant's initial request for leave to file a motion to compel discovery, but obliged Defendant's second request after Plaintiff failed to respond by February 26, 2026. (*Id.*) Plaintiff later contended that his delay was due to his phone

being stolen and his address changing. (*Id.*); and

**WHEREAS** after granting Plaintiff an extension until May 8, 2026 to comply with his outstanding discovery obligations, Plaintiff again failed to timely serve the materials on Defendants. (*Id.*) Subsequently, the Court granted Defendant's request for leave to file a motion to dismiss Plaintiff's complaint for failure to provide discovery on May 13, 2026. (*Id.* at 3.) Plaintiff then served his answers to Defendant's Rule 33 Interrogatories on the Court's docket on May 18, 2026. (*Id.*) Defendant filed its Motion to Dismiss on May 27, 2026. (ECF 37.) Plaintiff has not opposed the Motion. (*Id.*); and

**WHEREAS** on July 31, 2026, Judge Allen issued her R&R, recommending that the Court deny Defendant's Motion to Dismiss without prejudice. (*See* R&R at 1.) Judge Allen reasoned that the Court should not take the extreme measure of dismissing Plaintiff's complaint at this time because Plaintiff demonstrated his attempt to comply with his discovery requirements and the Court's orders. (*Id.* at 4.) Judge Allen noted the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), which guides the Court's decision of whether to impose the sanction of involuntary dismissal of a complaint. (*Id.*) Noting the Third Circuit's preference that cases be resolved on their merits, Judge Allen held that involuntary dismissal of the complaint is not warranted at this time, as Defendant will not be prejudiced by granting Plaintiff one final opportunity to satisfy his discovery obligations. (*Id.* at 5 (citing *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir 1984) ("[D]oubts should be resolved in favor of reaching a decision on the merits."")).) Furthermore, Judge Allen reasoned that "courts in this Circuit considering *Poulis*-governed motions to dismiss have frequently been willing to provide non-compliant parties with one final opportunity to comply with discovery obligations

prior to dismissal of a complaint." (*Id.* (citing cases))[1]; and

**WHEREAS** of August 14, 2026, the deadline for the parties to oppose Judge Allen's R&R passed, and no objections were filed. (*Id.* at 3.) Absent objections, a "party may lose its right to de novo review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (citing *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007)). However, a baseline level of "reasoned consideration" is still required, which generally constitutes review for plain error. *Id.* (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)); and

**WHEREAS** the Court has reviewed the R&R for plain error and finds that Judge Allen's decision was reasonable. Judge Allen cited multiple cases from this Circuit where courts have extended a final opportunity to litigants to serve outstanding discovery obligations upon a motion to dismiss a complaint as a sanction. (R&R at 4-5.) Judge Allen also noted the broad discretion the Court has to make decisions regarding the management of its docket. *See, e.g.*, *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982); and

**WHEREAS** the Court finds that the *Poulis* factors are split under the facts presented.[2] Plaintiff claims that his delay in providing discovery has been due to

---

[1] *See, e.g.*, *Ballister v. NJ Dep't of Corr.*, No. 17-573, 2025 WL 1057580, at *3 (D.N.J. Mar. 14, 2025); *Austin v. McDonald*, No. 21-1106, 2023 WL 11983716, at *1 (M.D. Pa. Feb. 7, 2023) (rejecting R&R when absent plaintiff appeared and filed objection; providing plaintiff one final opportunity to comply); *Brown v. Cohen*, No. 17-3436, 2021 WL 4099729, at *1 (D.N.J. Sept. 9, 2021) (denying *Poulis* motion without prejudice to allow final chance to comply); *Dambrowski v. Financial Recovery Servs., Inc.*, No. 05-3548, 2006 WL 8457153, at *1 (D.N.J. Feb. 2, 2006) (denying *Poulis* motion to dismiss to allow plaintiff one final opportunity to respond to interrogatories).

[2] The *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) the history of noncompliance; (4) whether the conduct of the party or attorney was willful or in bad

circumstances outside of his control, such as his phone being stolen. (R&R at 3.) Defendant has not shown that it will be prejudiced by waiting until another stage in this litigation to move to dismiss the complaint. *See Brown*, 2021 WL 4099729, at *2 (holding a defendant is not prejudiced when they remain "free to seek appropriate discovery remedies if Plaintiff does not comply with his discovery obligations in the future"). Additionally, Plaintiff's later attempts to satisfy his discovery duties show that his tardiness in prosecuting this action is not entirely willful or a sign of bad faith. (*Id.* at 4.) Further, Plaintiff is proceeding *pro se*, which presents grounds for some, but not unlimited leniency. *See Wortman v. Umrani*, No. 05-1411, 2006 WL 2347853, at *4 (D.N.J. Aug. 11, 2006). On the other hand, Plaintiff has an established history of noncompliance, and his claims appear to be weak. (R&R at 2-3.) With the factors being split, it is reasonable for a judge to decide not to impose the "harsh sanction" of dismissal. *Lopez v. Cousins*, 435 F. App'x 113, 116-17 (3d Cir. 2011) (vacating the order of the district court dismissing a complaint for failure to prosecute when the *Poulis* factors are split); and

**WHEREAS** the Court therefore concludes that Judge Allen's recommendation to deny Defendant's Motion without prejudice was a sound exercise of her discretion. *See Schwartz v. Aetna Life Ins. Co.*, No. 06-3173, 2007 WL 1797647, at *3 (D.N.J. June 20, 2007) ("The decision to dismiss a party's pleading is within the court's discretion."). Accordingly, Judge Allen's R&R does not constitute clear error and the Court opts to adopt it. For the reasons stated above,

**IT IS** on this **20th** day of **August 2026**, hereby

**1. ORDERED** that Judge Allen's Report and Recommendation (ECF 38) is

---

faith; (5) the effectiveness of sanctions other than dismissal; 3 and (6) the meritoriousness of the claim or defense. *See Poulis*, 747 F.2d at 868.

**ADOPTED**; and it is further

2. **ORDERED** that Defendant's Motion to Dismiss (ECF 37) is **DENIED** without prejudice.

**SO ORDERED.**

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
CC: Jessia S. Allen, U.S.M.J.
Parties